Matilda L. Horn et al., Executors, Assignees of Wm. J. Craig, *v.* James Hutchinson et al., Appellants.

*Mortgage—Payment—Evidence.*

On a scire facias sur mortgage it appeared that the mortgage, which was for one hundred and fifty dollars, was executed by a husband and wife, and covered land owned by the wife. The husband leased a hotel from the mortgagee at a rental of twenty dollars per month. Defendants claimed that the mortgage was given to secure the first six months' rent, and thirty dollars loaned to the husband. Plaintiff claimed that the mortgage was given as a continuing security for the rent. The attorney who prepared the mortgage and the husband called as on cross-examination both testified that the mortgage was only to secure the first six months' rent. Two receipts signed by the mortgagee, one for forty dollars, and the other for thirty dollars, specified that they were on account of the mortgage. It was admitted that more than the amount of the mortgage had been paid on account of rent. There was no evidence for plaintiff to contradict defendant's testimony. *Held,* that binding instructions should have been given for defendants.

Argued Jan. 31, 1894. Appeal, No. 61, July T., 1893, by defendants, from judgment of C. P. Lehigh Co., Nov. T., 1886, No. 16, on verdict for plaintiffs. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Reversed.

Scire facias sur mortgage.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was, inter alia, (1) instruction recited in opinion of Supreme Court, quoting instruction.

*Edward Harvey,* for appellants.—It is error to submit the possibility of a fact to the jury, which could not be inferred on a demurrer to evidence : Haines v. Stouffer, 10 Pa. 363.

It is error to submit an issue to the jury, where there is not sufficient evidence to sustain it: Ashbridge v. Kenyon, 15 Leg. Int. 158 ; Canal Co. v. Torrey, 33 Pa. 143 ; Cook v. Mackrell, 70 Pa. 12 ; Elkins v. McKean, 79 Pa. 493 ; R. R. v. Alvord, 128 Pa. 42.

*James B. Deshler,* for appellees, filed no paper-book.

OPINION BY MR. JUSTICE DEAN, Oct. 1, 1894:

On October the 8th, 1877, James Hutchinson and his wife Nancy joined in a mortgage to William J. Craig. The land mortgaged was the separate estate of the wife, and was to secure to Craig the payment of $150 on April 1, 1878. The mortgage did not specify the nature of the debt it was given to secure. The plaintiff, on the 19th of October, 1886, issued sci. fa. on the mortgage. The affidavit of cause of action admitted a payment of $70.00. Defendant filed affidavit and plea of payment.

It appeared from the evidence that James Hutchinson, the husband, in October, 1877, leased from Craig a hotel, and was to pay therefor, for the first six months, a monthly rental of $20.00 ; thereafter, there was to be an increase of $5.00, making $25.00 per month. Hutchinson occupied the premises about two years and three months. Before taking possession, the mortgage was delivered to Craig, who claimed at the trial it was given as a general and continuing security for any rent that might be due him from Hutchinson during his occupancy. Hutchinson averred it was given to secure the first six months' rent, amounting to $120, and $30.00 in money which Craig had loaned him. It was conceded, the wife was a mere surety, and pledged her separate estate to secure the husband's debt. She died before the termination of the lease, and her husband took out letters of administration on her estate. There was a dispute as to whether Hutchinson had paid Craig all the rent for the term, but there was none that he had paid him considerably more than $150 ; so it became a very material fact as to whether the mortgage was given to secure the first six months' rent and a loan of $30.00, or rent generally; for, if only for the first, the defendant was entitled to a verdict; but if for the second, then the case turned on whether Craig had been paid his rent for the whole term.

John Hunter, Esq., was called by defendant, who testified he had prepared the mortgage at the request of the Hutchinsons and that both they and Craig informed him it was to secure the first six months' rent and $30.00 in cash. Hutchinson was called by plaintiff, as if on cross-examination, and testified the mortgage was given for the first six months' rent and $30.00 cash. A number of receipts of Craig were read in evidence

two of them within the first six months, one for $40.00 and the other for $30.00, specified they were on account of the mortgage ; the others were for rent without mentioning the mortgage.

Here was the positive testimony of two witnesses, one of them disinterested, that the mortgage was given for the first six months' rent and a loan of $30.00. Then the evidence of the first two receipts in Craig's handwriting, that the payments were on account of the mortgage, which tended to rebut the averment that it was to be a continuing security ; for if they were to be credited on the mortgage, then as soon as $150 was paid Craig, the mortgage was satisfied ; would not be continuing. A careful reading of all the evidence before us shows nothing to weaken the credibility of these two witnesses in this particular, while Craig's written admissions in the two receipts tends to corroborate them.

These facts, then, are either admitted or established by uncontradicted evidence : 1. The mortgage was given by the wife on her separate estate, to secure the payment of $120 rent by her husband, and a loan of $30.00. 2. Much more than that amount has been paid by the husband to the mortgagee. The rent to be secured was the first six months' rent and $30.00, and not rent falling due thereafter. It follows that defendant was entitled to peremptory instructions for a verdict in his favor. Yet the court charged the jury thus : "From the nature of the evidence introduced by plaintiff, and the course of the examination of the witnesses, and the argument before you, you might conclude that the plaintiff's attitude is that the mortgage was given for the rent generally, that it was given as collateral security for rent which might fall due from Hutchinson to Craig during the occupation of the hotel by Hutchinson, that is, that it was given to secure any rent that might become due. If that is proved to have been the understanding then the mortgage would not have been discharged unless it appeared that all the rent had been paid, and if the rent is not paid, you could find for the plaintiff the $80.00, with interest, or a less sum if a less sum is owing."

We cannot tell exactly what was the course of examination of witnesses, or what the argument of counsel, or what the attitude of plaintiff at the trial in the court below, but no one of these, nor all together, can take the place of competent evi-

dence ; on this alone can the jury found a verdict which warrants a judgment. It seems to us there was an absence of evidence here, and that the court permitted the jury to find a verdict on what could be little more than a guess. In this there was error.

This disposition of the first assignment of error relieves us from a consideration of the second.

The judgment is reversed.