## Lane, Appellant, v. Sayre Land Company.

*Execution—Unlawful process—Unlawful seizure—Variance between statement and proofs—Nonsuit.*

In an action of trespass where the statement of claim avers merely a seizure on an unlawful process while the proofs show that the process was lawful, the plaintiff cannot recover for a malicious excessive seizure of goods, although the evidence shows a malicious excessive seizure.

Argued March 14, 1905.   Appeal, No. 51, Jan. T., 1905, by plaintiff, from order of C. P. Bradford Co., Dec. T., 1902, No. 435, refusing to take off nonsuit in case of Ella M. Lane v. Sayre Land Company.   Before DEAN, FELL, MESTREZAT, POTTER and ELKIN, J J.   Affirmed.

Trespass for an alleged wrongful seizure of goods by an unlawful process.    Before FANNING, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was the action of the court.

*William Maxwell*, with him *C. J. O'Brien*, for appellant.

*Rodney A. Mercur*, with him *I. N. Evans* and *L. T. Hoyt*, for appellee.

PER CURIAM, March 20, 1905 :

It would have been much more satisfactory to us in reviewing this case, if the learned trial judge in the court below had placed upon record his reasons, no matter how briefly, for directing the compulsory nonsuit of which appellant complains. We gather from appellant's argument at bar, that his claim for damages is based on an excessive seizure in value of plaintiff's goods to satisfy an attachment execution issued on a judgment on the docket of a justice of the peace. The judgment was for only $38.48 and the personal property seized by the officer was valued at nearly $4,000. It seems the property was easily separable into small lots or parcels and that the sale of, at most, two or three of them would have satisfied the attachment. But the plaintiff's declaration or statement of claims avers no malicious excessive seizure of goods which of itself is a good cause of action ; it does aver a malicious seizure of goods by unlawful process, but an examination of the record shows that the process was regular and lawful ; therefore, the action of the officer was not a trespass. The evidence might have warranted an action for the abuse of civil process and the plaintiff might have offered in evidence the great disparity between the amount of the judgment, and the value of the goods as affording an inference of malice ; but there is no such averment in the statement ; it is simply an averment of seizure on an unlawful process ; that is not correct ; the process was lawful ; at most the excessive seizure only was unlawful. The nonsuit on the issue framed was properly entered. The assignments of error are overruled and the judgment is affirmed.