# Berks County Trust Co. *v.* Lyte, Administratrix, Appellant.

*Promissory notes—Explanation of alteration—Place of payment —Burden of proof—Evidence.*

1. Where in an action of assumpsit brought by the holder against one of two makers of a joint and several promissory note, the copy of the note set out in the statement shows no alteration, and the note presented in evidence shows on its face that the place of payment was altered, and the only evidence in explanation of the alteration was that it was in the same hand writing as the rest of the note and that the other maker when sending the note to the plaintiff had accompanied it by a letter in which he stated that he had changed the note in suit, and that the note in suit was a renewal of a former note, the testimony is insufficient to meet the burden imposed upon the plaintiff of showing that the alteration changing the place of payment was made before the defendant signed it or with his knowledge and consent and therefore the note was not admissible in evidence.

2. In such case it was not material that the defendant admitted in his affidavit of defense that he signed "the note in suit" as the note which he admitted he signed was the note a copy of which was set out in the statement, and which was materially different from the note offered in evidence.

Argued May 17, 1915.    Appeal, No. 190, Jan. T., 1914, by defendant, from judgment of C. P. Lancaster Co., Dec. T., 1912, No. 59, on verdict for plaintiff in case of Berks County Trust Company v. Mary McJ. Lyte, Administratrix of E. O. Lyte, deceased.    Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ.    Reversed.

Assumpsit on promissory note.    Before HASSLER, J. The facts appear by the opinion of the Supreme Court. Verdict for plaintiff for $2,233 1-3 and judgment thereon.    Defendant appealed.

*Errors assigned* were in admitting the note in evidence and in refusing binding instructions for the defendant.

*William H. Keller,* with him *John A. Coyle,* for appellant.

*H. Edgar Sherts,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, July 3, 1915:

This is an action of assumpsit brought by the holder against one of two makers of a joint and several negotiable promissory note. The note was made payable to the order of the makers and by them endorsed and delivered to the holder, the Berks County Trust Company, the plaintiff in this action. The copy of the note sued on and set out in the statement is as follows: "$2,000.00. Reading, Pa., May 12, 1909. On demand after date we, or either of us, promise to pay to the order of ourselves at The Berks County Trust Company Two Thousand 00-100 Dollars without defalcation value received. J.

W. Lansinger. E. O. Lyte." The note is endorsed: "J. W. Lansinger, E. O. Lyte." The defendant, Lyte, pleaded non assumpsit, and filed an affidavit in which "he admits that he signed the note in suit," and sets up as a defense certain matters which the court, on the trial, held to be insufficient and declined to submit to the jury. There was a verdict for the plaintiff, and judgment having been entered thereon the defendant has taken this appeal.

The plaintiff offered in evidence on the trial of the cause the following note: "$2,000. Lancaster, Pa., May 12, 1909. On demand after date, we or either of us promise to pay to the order of ourselves at the Berks County Trust Co., Reading, Pa. Fulton National Bank of Lancaster Two Thousand Dollars without defalcation for value received. J. W. Lansinger. E. O. Lyte: Credit the Drawer 9998." Endorsed: "J. W. Lansinger. E. O. Lyte." The defendant objected to the offer for the reason that the note disclosed on its face a material alteration and did not agree with the note, and was not the note, in suit of which a copy was set out in the plaintiff's statement. The objection was sustained by the court until the plaintiff explained the alterations. This it attempted to do by showing that the alteration was in the same handwriting as the rest of the note, that Lansinger in sending the note to the plaintiff had accompanied it by a letter in which he stated that he had changed the note in suit because he did not have a Berks County Trust Company note, that the note in suit was a renewal of a former note, and that the defendant in his affidavit admitted that he had signed the note in suit. Following this testimony, the note was admitted in evidence. The learned court instructed the jury that the burden of proof was on the plaintiff to show that the alteration of the note was made before it was signed by the parties, or that it was done with their knowledge and consent, and that it was for the jury to determine whether, under the testimony, the alteration was made

before Mr. Lyte signed the note, or made with his knowledge and consent.

We think the evidence was insufficient to meet the burden imposed on the plaintiff of showing that the alteration changing the place of payment of the note was made before Mr. Lyte signed it or with his knowledge and consent, and that, therefore, the court should have declined to admit the note in evidence, and having admitted it, should, as requested, have directed the jury to return a verdict for the defendant. The Act of May 16, 1901, Sec. 125, P. L. 194, provides: "Any alteration which changes......the time or place of payment...... is a material alteration"; and Section 124 provides: "Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers." It is conceded that the alteration in the note is material, and that before there could be a recovery the plaintiff was required to show, as the act requires, that the defendant made, authorized or assented to the alteration. Until the plaintiff met this burden imposed upon it, the court should not have admitted the note in evidence. There was no evidence tending to show the condition of the note at the time Mr. Lyte signed it. The fact that the alteration is in the same handwriting as the rest of the note and that Mr. Lansinger made the alteration because he did not have a Berks County Trust Company note certainly does not tend to show that the change of place of payment was made before Mr. Lyte signed the note or that he knew or consented to the .change. It is conceded that Lansinger wrote the note and that he made the change in the place of payment. It cannot be left to the jury to conjecture that the change was made before Mr. Lyte signed it, the onus being upon the plaintiff to show that the change was made prior to its execution by Mr. Lyte. The testimony that the note in suit was given as a re-

newal of another note payable at the Berks County
Trust Company was also without probative force as
showing when the alteration was made or that it was
with the knowledge or consent of the defendant. The
fact that it was a renewal note does not show, nor tend
to show, when Mr. Lansinger altered the note. He may
have made the change before, or he may have made it
after Mr. Lyte signed the note, but it would only be a
guess by the jury for them to find either way on such
testimony. In filling up the blank spaces in the note in
the first instance Lansinger may not have noticed that
it was payable at the Fulton National Bank of Lancas-
ter, and having discovered this fact just before mailing
the note to the holder and after it had been signed by
both parties, he may have made the erasure and substi-
tuted the Berks County Trust Company as the place of
payment. The fact that the note in suit is a renewal of
a former note does not show its condition when it was
executed by Mr. Lyte.

In his affidavit of defense the defendant "admits that
he signed the note in suit." It is strenuously contended
that this is an admission by the defendant that the al-
teration was made before he signed the note. This con-
tention, however, overlooks the language of the admis-
sion, which is that the defendant admits he signed "the
note in suit." The Practice Act of May 25, 1887, P. L.
271, Sec. 3, provides that "the plaintiff's declaration in
......the action of assumpsit......shall consist of a
concise statement of the plaintiff's demand......which,
in the action of assumpsit, shall be accompanied by
copies of all notes......upon which the plaintiff's claim
is founded." The copy of the note in suit which the de-
fendant admits he signed is, as the act requires, set out
in the statement, and on its face discloses that it is not
the note that was offered and received in evidence.
There is a material difference, as declared by the Ne-
gotiable Instruments Act, between the note in suit, as
shown by the copy contained in the statement, and the

note which was submitted to the jury and on which the plaintiff recovered.  It is immaterial that the two notes are joint and several, of the same date, for the same amount, and were signed by the same parties.  The Practice Act requires that a copy of the note sued on shall be set out in the statement, and it necessarily follows that, at least without an amendment, there can be no recovery on any other note although it be of the same date, the same amount, and executed by the same parties.  The similarity of the two notes has no tendency to show when the alteration was made in the note put in evidence, or whether the defendant, if he signed that note, knew or assented to the alteration.

The evidence was insufficient to show that the alteration was made, authorized or assented to by the defendant, and, therefore, the note was void as to him and there could be no recovery upon it.  It was error to admit the note in evidence and subsequently to refuse to direct a verdict for the defendant.

Judgment reversed.