## Goldsleger v. Carracciolo, Appellant.

*Husband and wife—Guaranty and suretyship—Act of June 8, 1898, P. L. 344.*

Where a dealer in taking an order asks whether he can ship the merchandise in the name of both the customer and the latter's wife, and subsequently the dealer asks the wife whether he can ship in both names, and the wife replies, "Yes, me good for the goods," the contract is one of guaranty or suretyship, and within the prohibition of the Act of June 8, 1898, P. L. 344.

Argued March 9, 1916.   Appeal, No. 47, March T., 1916, by defendants, from judgment of C. P. Lacka-wanna Co., June T., 1911, No. 467, on verdict for plain-tiff in case of Harry Goldsleger v. Dominick Carracciolo and Angelina Carracciolo.   Before ORLADY, P. J., HEN-DERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Re-versed.

Appeal from judgment of justice of the peace.

Assumpsit for goods sold and delivered.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $257.30.   De-fendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*H. L. Taylor,* with him *W. R. Lewis,* for appellant.— The wife was within the prohibition of the act: Buzby Soap Co. v. Phelps, 5 Pa. Dist. R. 756; Wiltbank v. Tobler, 181 Pa. 103; Harper v. O'Neil, 194 Pa. 141; Bank v. Short, 15 Pa. Superior Ct. 64; Jacquett v. Alla-baugh, 16 Pa. Superior Ct. 557; Abeles v. Powell, 6 Pa. Superior Ct. 123; Patrick v. Smith, 165 Pa. 526.

*R. L. Levy,* with him *Leon Levy,* for appellee, cited:

Forrest v. Nelson, 108 Pa. 481; Bixler v. Lesh, 6 Pa. Superior Ct. 459.

OPINION BY ORLADY, P. J., April 17, 1916:

The plaintiff's testimony clearly demonstrates his attempt to make the wife liable, for the goods sold, as a surety for her husband. Not content with the direction given by the husband, with whom he had previous business transactions, to ship the merchandise "on both names," he replied "I will see, I will be there in Mayfield, if this is agreeable to her and she tells me she is satisfied, I will ship the goods out." Subsequently he visited the wife and said, "your man picked out some goods. Can I ship them in both names, and the wife replied, "Yes, me good for the goods." No other construction can be placed on these words, than that the plaintiff dealt with the wife as the surety or guarantor of her husband. The business was conducted in his name; the wife was not shown to be interested in it in any way. The prohibition in the Act of June 8, 1893, P. L. 344,— A married woman may not become accommodation endorser, maker, guarantor or surety for another—is a full defense to the plaintiff's demand. Counsel for the wife asked for binding instructions in her favor, for this reason, and the jury should have been so instructed: Horn v. Hutchinson, 163 Pa. 435; Harper v. O'Neil, 194 Pa. 141; Banks v. Short, 15 Pa. Superior Ct. 64. The law has wisely safeguarded the property of the wife from such designing practices and has specifically provided the only way by which she is permitted to bind her real estate. The ceremony observed is not material, the law looks behind the mere form so as to get at the real facts.

The assignments of error are sustained, and the judgment is reversed.