Shenango Limestone Company *v.* Buffalo, Rochester & Pittsburgh Railway Company, Appellant.

*Pleading—Contracts—Evidence—Variance between allegata and probata.*

1. Where a statement of claim alleges a contract indefinite as to time, it is not supported by proof of a contract terminable at any time by the action of one of the parties thereto.

2. In such case the allegata and probata do not agree, and a judgment must be entered for defendant.

Argued Oct. 8, 1918. Appeal, No. 101, Oct. T., 1918, by defendant, from judgment of C. P. Lawrence Co., June T., 1907, No. 82, on verdict for plaintiff in case of Shenango Limestone Company v. Buffalo, Rochester &

Pittsburgh Railway Company. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Reversed.

Assumpsit to recover alleged excess freight rates paid under protest. Before EMERY, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $10,594.07, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were answers to points.

*Wylie McCaslin,* with him *John G. Whitmore,* for appellant.

*J. Norman Martin,* with him *Norman A. Martin,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, October 23, 1918:

Plaintiff claimed to recover upon an oral contract between it and defendant, made on or about November 23, 1900, by which it is alleged defendant agreed, inter alia, to haul cars loaded by plaintiff at its plant in Shenango Township, and deliver them to other railroad companies, and to consignees in the New Castle District, at the rate of $2 per car. It claimed that, beginning April 11, 1906, and ending August 21, 1907, defendant charged plaintiff in excess of the agreed price; that plaintiff paid the same under protest, because only thus could it get its goods shipped; and in this suit sought to recover back those excess payments, with interest. At the trial defendant presented a point for binding instructions which was refused, the verdict was for plaintiff, defendant's motion for judgment non obstante veredicto was dismissed, and this appeal taken. Several interesting and important questions are raised on this record, but we do not find it necessary to consider them.

Defendant alleges that even on plaintiff's showing the alleged contract had no limitation as to time, and was,

therefore, unenforceable. Whether this be so, whether no time being named the contract would run a reasonable time; and whether, if this latter view be correct, the reasonable time had expired before the payments were made out of which the present claim arose, we are not called upon to decide. Plaintiff claims that the contract, being indefinite as to time, ran until the present suit was brought; that is, that a suit in affirmance of a contract results in its rescission. We are not even called upon to determine the validity of this curious conclusion.

The statement of claim itself alleges, as both parties admit, a contract indefinite as to time. Only one witness testifies that any contract was made, and he says that it was not indefinite as to time, but was to last only "until such time as we [defendant] can make through rates." It is thus clear, that the allegata and probata do not agree, and the suit cannot be maintained: Berks Co. Trust Co. v. Lyte, 250 Pa. 543.

Moreover there was neither averment nor proof as to whether the time limit, specified by the witness, had or had not expired before the payments were made out of which this suit arose. Under such circumstances, of course, the action could not be maintained.

The judgment is reversed.