## Harris, Appellant, *v.* Blitzstein.

*Practice, C. P.—Trials—Assumpsit—Variance—Differences—Cause of action—Judgment for defendant.*

In an action of assumpsit, the plaintiff's statement of claim averred that the defendant had agreed in consideration of the payment of $535, to credit the plaintiff's account with 3,000 rubles in the Russian Government Bank of Moscow, and had failed to do so. The proof on the trial was that the plaintiff had bought from

the defendants for $525 a draft on the Russian Commercial & Industrial Bank of Moscow for 3,000 rubles. Plaintiff further testified that the defendants had agreed, in consideration of the payment of $10, to exchange the draft into American money and return him the $525.

The evidence established that the plaintiff, after the purchase of the draft, had signed an application to the Government Savings Bank of Moscow for a deposit to be opened in his own name, and it was shown that advices were promptly sent by the defendants, through their New York correspondent, to the Russian Commercial & Industrial Bank of Moscow, to cancel the original draft, and if not already paid, to cause to be opened in place thereof a saving account with the Government Savings Bank of Moscow in favor of the plaintiff.

Under such circumstances, the court properly gave binding instructions in favor of the defendant, as the variance between pleading and proof went to the basis of the action, and substituted a contract barred by the statute of limitations.

Argued October 22, 1924. Appeal, No. 148, Oct. T., 1924, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1923, No. 749, on verdict for defendant in the case of Max Harris v. Anna Blitzstein, Constantine B. Voynow and Samuel M. Blitzstein, Copartners, trading as M. L. Blitzstein and Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for money had and received. Before Mc-CULLEN, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the defendant. Plaintiff appealed.

*Error assigned* was in affirming defendant's point for binding instructions.

*Jacob Weinstein,* and with him *Samuel Moyerman,* for appellant.

*Samuel J. Gottesfeld,* for appellee.

OPINION BY KELLER, J., February 27, 1925:

The action was in assumpsit. The gist of the plaintiff's claim, as averred in his statement, was that the defendants, who were private bankers, had agreed, in consideration of the payment to them by the plaintiff of $535, on September 14, 1917, to cause to be credited to his account in the Russian Government Bank in the City of Moscow, within eight weeks thereafter, the sum of three thousand rubles; and that this had not been done. The proof on the trial, in the shape of incontrovertible documentary evidence, was that the plaintiff on that date bought from the defendants for $525 a draft on the Russian Commercial & Industrial Bank of Moscow for 3,000 rubles. And a representative of C. B. Richard & Co., defendants' correspondent in New York, testified, without contradiction,—and was supported by his firm's books,—that instructions had been sent by it to said bank to honor this draft against its account when presented for payment, which were duly acknowledged by the bank.

Plaintiff further testified on the trial that on November 16, 1917, defendants had agreed in consideration of the payment of $10 to exchange the above-mentioned draft into American money and return him $525. Again the proof, documentary in character, and, in part, attested by plaintiff's own signature, showed that on November 16, 1917, plaintiff had signed an application to the Government Savings Bank of Moscow for a deposit to be opened in his real name (Mendel Gering) in the amount of 3,000 rubles; and it was shown that advices were promptly sent by the defendants, through their New York correspondent aforesaid, to the Russian Commercial & Industrial Bank of Moscow, to cancel the original draft, and if not already paid, to cause to be opened in place thereof a savings account with the Government Savings Bank of Moscow for the said 3,000

rubles, in favor of Mendel Gering, as per plaintiff's application therewith enclosed.

At the conclusion of the testimony the learned trial judge affirmed defendants' point for binding instructions, and subsequently refused a new trial. The reasons given by the court were that the contract proved on the trial was not that set up in the plaintiff's statement, and that "neither under his own testimony, nor upon that offered by the defendants, was plaintiff entitled to recover." In our opinion the action of the court was fully warranted on both grounds. The court would not have been justified in permitting a recovery by the plaintiff in the face of the overwhelming written evidence of the transaction between the parties: Lonzer v. R. R. Co., 196 Pa. 610; Raby v. Cell, 85 Pa. 80; Horn v. Hutchinson, 163 Pa. 435. And as was said by the court below: "There was no charge of any fraud in the selling of the original draft for the three thousand rubles, and there was no evidence of negligence or of lack of reasonable care or of reasonable diligence upon the part of the defendants or their correspondents in the efforts to have opened in Russia the proper bank account to the credit of the plaintiff."

The rule relied upon by the appellant, that an appellate court will not enter judgment non obstante veredicto because of an alleged variance between the pleadings and the proof, when the question was not raised at the trial, (Boyd v. Houghton, 269 Pa. 273, 274; Herrlein v. McKeesport, 247 Pa. 277, 279; Indian v. D., L. & W. R. R. Co., 262 Pa. 117, 119; Minute v. P. & R. Ry. Co., 264 Pa. 93, 97), has no application here. The variance was not as to an immaterial matter, as in Lederman v. Lazarus, 80 Pa. Superior Ct. 602, 606; Carter v. Henderson, 224 Pa. 319, 324, and Indian v. D., L. & W. R. R. Co., supra, or mere surplusage, as in Stegmaier v. Keystone Coal Co., 225 Pa. 221, 230; it went to the heart of the case (National Bank v. Lake Erie Asphalt Block Co., 233 Pa. 421, 428), and substituted for the cause of action declared

on in the statement an entirely different contract, viz, an alleged agreement made over six years before, to pay plaintiff $525 American money in exchange for his draft for 3,000 rubles, irrespective of the prevailing rate of exchange. The variance was brought to the attention of the court below, and a request made for binding instructions, pursuant to which a verdict was properly directed for the defendants: Shenango Limestone Co. v. B. R. & P. Ry. Co., 262 Pa. 446; Berks County Trust Co. v. Lyte, 250 Pa. 543; Leh v. D., L. & W. R. R. Co., 30 Pa. Superior Ct. 396, 401. We do not have here the case of the point being first raised after verdict or in the appellate court. And as the variance went to the very basis of the plaintiff's action and related to a contract then barred by the statute of limitations, it was not amendable. As we view it, the court properly ruled the case in defendants' favor.

The assignment of error is overruled and the judgment is affirmed.