## Steingard, Appellant, *v.* Blitzstein et al., Appellants.

*Contracts—Allegata and probata—Variance—Judgment non obstante veredicto—Counter-claim.*

In an action of assumpsit to recover money had and received plaintiff alleged five verbal contracts for the transmission of Russian rubles in instalments equivalent to each payment. The evidence disclosed a written contract upon which the defendants were to transmit rubles to a point to be designated by plaintiff when plaintiff had paid them the amount of the contract price, which, it was admitted, was never paid in full.

In such case there was a fatal variance between the allegations and the proof and the court properly entered judgment for defendant non obstante veredicto.

In such pleadings the averments of the counter claim could not be held to have been admitted by plaintiff and judgment for defendant in the amount of the counter-claim was properly refused.

Argued October 10, 1927. Appeals Nos. 49 and 62, October T., 1927, by plaintiff and defendants from order of C. P. No. 5, Philadelphia County, June T., 1923, No. 2684, in the case of Izidore Steingard v. Anna Blitzstein, Constantine B. Voynow and Samuel S. Blitzstein, Co-partners, trading as M. L. Blitzstein

and Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover money had and received. Before HENRY, P. J., 52nd Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of defendant non obstante veredicto and dismissed the motion of defendant for judgment non obstante veredicto for the amount of the counter claim. Plaintiff and defendant appealed.

*Error assigned* was the entry of judgment for defendant non obstante veredicto and refusal of judgment for defendants in the amount of their counterclaim.

*Samuel Moyerman,* for plaintiff, appellant in No. 62.—There was no material variance in the proof: Aspergren v. Younker, 223 Pacific 62; Winokur v. Blitzstein, 87 Pa. Superior Ct. 129; Young v. Quaker City Cab Co., 87 Pa. Superior Ct. 294; Tarentum Lumber Co. v. Marvin, 61 Pa. Superior Ct. 294; McConnell v. Philadelphia Rapid Transit Co., 89 Pa. Superior Ct. 316.

*Samuel J. Gottesfeld,* for defendants, appellants in No. 49.—The variance between the pleadings and the proofs was material and fatal: Friedman v. Urmann, 28 Pa. Superior Ct. 440; Zullinger v. Grebe, 72 Pa. Superior Ct. 209; DiCencio v. DiFilippo, 80 Pa. Superior Ct. 415; Wilkinson v. Welde, 196 Pa. 508; Shenango L. Co. v. R. R., 262 Pa. 446; Mitchell v. Railroad, 241 Pa. 536; Mumma v. Mumma, 246 Pa. 407; Bank v. Bank, 247 Pa. 40; Andrews v. Marsden, 278 Pa. 56.

Opinion by Keller, J., March 2, 1928:

These are cross appeals from a judgment non obstante veredicto entered in favor of the defendant in an action of assumpsit. The plaintiff appeals (No. 62) because of the entry of the judgment; the defendants, (No. 49), because a money judgment was not entered in their favor on their counterclaim. The litigation grew out of a transaction in Russian rubles, in 1917.

Plaintiff averred in his statement that on five separate occasions between July 10th and September 10, 1917, he had verbally contracted with the defendants, who are private bankers in the City of Philadelphia, for the purchase of rubles and their transmission to Russia, and had paid them therefor different sums aggregating $850, under an agreement that rubles equivalent to each payment, less a commission of 5%, would be safely transmitted and paid to the plaintiff at such point in the Russian Empire as would be definitely designated by him within two months from the date of such payment, and in default of such designation to be delivered him at Philadelphia at the expiration of said period; that he never designated any point of delivery for said rubles within the Russian Empire, and by reason thereof defendants were obligated to deliver to him in the City of Philadelphia, at the expiration of two months after each payment aforesaid the equivalent thereof in rubles, less 5% as aforesaid and that defendants having failed to do so were indebted to him in the sum of $850, less 5%, with interest from the several dates said rubles should have been delivered at Philadelphia.

The proof on the trial was wholly different. It showed a written contract made on July 10, 1917, between the plaintiff and defendants, under which the former agreed to pay the latter $1,250 for the remittance of five thousand rubles. The contract admitted

a cash payment of $150 by the plaintiff and called for the payment of the balance within two months, with interest at 5%; and provided that the plaintiff should inform defendants within two months where the rubles should be sent. Further payments were made on account of the contract as follows: July 16, $100; July 20, $100; August 18, $200; September 10, $300; but the balance of $400 due under said contract was admittedly never paid by plaintiff.

It is apparent that this constitutes an entirely different cause of action from that alleged in the statement. Instead of five verbal contracts for the transmission of rubles, it showed one written contract which the plaintiff had not performed in full, and which the defendants were not obligated to carry out prior to full performance by the plaintiff. They were not to transmit rubles in instalments, equivalent to each payment, but when the plaintiff had paid them $1,250, which he agreed to do within two months of July 10, 1917, they were to transmit 5000 rubles to such point as he should by then have designated. The provision in the contract authorizing the defendants to stop the purchase by cable at the expense of the buyer, if the balance due was not paid within eight days after it was payable, was for the protection of the defendants; they were not bound to enforce it. It did not go into effect automatically to the advantage of the plaintiff.

There was no evidence in the case that the plaintiff ever asked the defendants to sell the rubles and pay him the balance remaining to his account after settlement under the contract. There was some rather vague testimony of demands made by him for the payment back of the moneys he had paid on account but this he was not entitled to ask under any interpretation of the contract. The overthrow of the Russian government a short time afterwards reduced the value of the rubles to practically nothing and rendered a sale then impossible.

The case being in this situation the court below did right in holding that there was a fatal variance and in entering judgment for the defendant non obstante veredicto. Its action is sustained by the following cases, inter alia: Wilkinson Mfg. Co. v. Welde, 196 Pa. 508, 512; Strong v. Nesbitt, 267 Pa. 294; Shenango Limestone Co. v. B. R. & P. Ry. Co., 262 Pa. 446; Lane v. Sayre Land Co., 211 Pa. 290; Leh v. D. L. & W. R. Co., 30 Pa. Superior Ct. 396; Harris v. Blitzstein, 84 Pa. Superior Ct. 498. A new trial would not help the plaintiff for admittedly he cannot prove performance of the contract on his part. An amendment substituting a different cause of action is not allowable after the statute of limitations has run: Mitchell Coal & Coke Co. v. Penna. R. Co., 241 Pa. 536; Mumma v. Mumma, 246 Pa. 407; Bank of Mifflintown v. Bank of New Kensington, 247 Pa. 40; Andrews v. Marsden, 278 Pa. 56.

We find no error in the refusal of the court below to enter judgment in favor of the defendant for $400 and interest on their counterclaim. In the state of the pleadings in this case the averments of the counterclaim could not be held to have been admitted by the plaintiff. The evidence as to the actual purchase of and payment for the 5000 rubles, which they presented in support of their counterclaim, was necessarily for the jury. That we might have arrived at a different conclusion does not warrant the entry of judgment in their favor for the amount of their counterclaim. Judgment non obstante veredicto cannot be entered by the court where there is a disputed issue of fact.

The assignments of error in both appeals are overruled and the judgment is affirmed.