Custis & Company *v.* Silent Automatic Corporation, Appellant.

314

Argued October 15, 1929.

Before Por-
ter, P. J., Trexler, Keller, Linn, Gawthrop, Cun-
ningham and Baldrige, JJ.

*James C. Crumlish,* for appellant.—There was no
meeting of minds in the preliminary negotiations:
Edgcomb v. Clough, 275 Pa. 90; Wilson v. Pennsy. Coal
Co., 269 Pa. 127; James v. Penn Tanning Co., 221 Pa.
634.

Plaintiff failed to show performance according to the
terms of the alleged contract: Lanard and Axilbund
v. Thompson P. Co., 84 Pa. Superior Ct. 199; Yerkes
v. Osborne, 42 Pa. Superior Ct. 253; Barber v. Miller,
41 Pa. Superior Ct. 442.

*C. W. Van Artsdalen,* for appellee.—There was no
material variance between the allegata and probata:
Lederman v. Lazarus, 80 Pa. Superior Ct. 602; Normile
v. Martell, 95 Pa. Superior Ct. 139.

Opinion by Trexler, J., December 12, 1929:
This was an action by a real estate broker to re-

cover compensation, under an oral contract, for services rendered in securing a property for the defendant as a location for its Philadelphia storeroom. The contentions between the parties were matters for the jury and the only questions we are to determine are whether there was any error in their submission. It appears that the plaintiff was engaged by the agent or manager of the defendant to get a list of properties within a certain area in Philadelphia and submit them to the defendant's president, who, he stated, was looking for a location for its store room. There was a dispute as to whether the manager had any authority to contract, but that was settled by the verdict. There was also a dispute whether the property that was rented by the defendant was secured for it by the plaintiff, but this also was a matter for the jury.

The first question submitted by the appellant is whether there was a variance between the allegata and the probata. This point does not appear to have been raised at the trial, nor urged as a reason for a new trial and it need not now be considered. When there is a variance between proof and the cause of action as stated in plaintiff's statement, objection should be made at the trial, for very often the matter can be cured by amendment: Carter v. Henderson & Co., 224 Pa. 319; Harris v. Blitzstein, 84 Pa. Superior Ct. 498, and cases there cited.

Moreover, we do not think there was any variance between the plaintiff's statement and his proof. His claim was based upon the securing of the location for defendant's business and the proof established the fact that he performed the services. The point raised by the defendant that the statement fails to show that the contract was written or oral, does not require much discussion. The statement inferentially states that the contract was oral, for it mentions the engagement of the plaintiff by the defendant's local manager and

follows with the assertion that the plaintiff wrote to the defendant company confirming the agreement. Of course, if the agreement were written, it would require no further confirmation.

The question is raised that the trial judge erred in declining defendant's point that if the jury found the negotiations were merely preliminary and parties contemplated the execution of a more formal contract, they should find for the defendant. We do not think there were any facts in the case to sustain the point. There was no evidence to the effect that the negotiations were merely preliminary. The duties attaching to the plaintiff were defined.

The letter which the defendant wrote broadened the area of plaintiff's activities to a point beyond the storeroom which the defendant afterwards leased and thus included it in the part of the city to be canvassed by the plaintiff. The court correctly told the jury that the language employed widened the area. Exception is taken to that statement, but the letter was not ambiguous and the effect attached to it by the court was the only one that could follow. The question of plaintiff's employment and his performance of his part were left to the jury. Having proved the services rendered, his compensation was not in question, for at the trial, after counsel for the plaintiff amended the claim so as to fix the rate for his services at 3% for the first year and 1% for the succeeding years of the lease the defendant's counsel replied, "I am not concerned with the rate and since he has amended it to the correct rate, I will let my answer stand so that question will be out of the case." We have covered all the points included in the statement of questions involved. There were some other matters referred to in the assignments of error, but they have no merit.

The judgment is affirmed.