# Wilkinson Manufacturing Co. *v.* Welde.

*Practice, C. P.—Pleading—Allegata and probata—Trial—New trial.*

In an action of assumpsit where the defendants deny in their affidavit of defense that they executed the contract sued upon and plead non assumpserunt, and at the trial produce, in pursuance of notice, the real contract, the plaintiffs will not be permitted, unless they amend their statement, to offer the same in evidence, it being materially different from the one declared on. If the trial court sustains such an offer, a judgment for plaintiff will be reversed by the Supreme Court, and a new trial awarded.

Argued Jan. 25, 1900.    Appeal, No. 408, Jan. T., 1899, by defendants, from judgment of C. P. No. 4, Phila. Co., June T.; 1897, No. 1600, on verdict for plaintiff, in case of Wilkinson Manufacturing Company v. John Welde, James J. Hitschler and Welde & Thomas Brewing Company.    Before McCOLLUM, MITCHELL, FELL, BROWN and MESTREZAT, JJ.    Reversed.

Assumpsit on a written contract.    Before ARNOLD, P. J.

Plaintiff recovered a verdict for $3,500.    The court ordered a new trial unless plaintiff would remit all damages in excess of $2,000 and interest.    Plaintiff filed a remittitur and defendant appealed.

*Error assigned* among others was in admitting in evidence the contract produced by defendant and offered by plaintiff.

*S. G. Birnie*, with him *Francis G. Taylor*, for appellant.— For the plaintiff to prove a contract, under objection, different materially from the one sued on, was altogether without warrant of law.    He called at the opening of the trial for any contracts that the defendants had in their possession and got the contract which they had actually signed.    The plaintiff then saw that it was materially different from the one he had declared on, and as the defendants objected to its admission under the pleadings, could easily, and should, have amended his statement.    He did not so amend.    At the proper time the defendants asked for a nonsuit.    This was refused, and they, of course, could do nothing further.

A few years ago if the same objection had been made, any court of this commonwealth would certainly have granted the nonsuit.    A variance between the allegata and probata was then considered fatal.    In later years there has, however, grown

up the doctrine that any such variance is cured by verdict, and that unless objection is made to the variance at the trial, it cannot be taken advantage of in the appellate court.

There is no .case though in which it has been held that such a variance is anything else but fatal to the plaintiff's case when the variance has been called to the attention of the court, and objection taken to the admission of proof that is not anywhere within the pleadings. The defendants upon their pleadings went to meet the issue as to whether or not they had ever signed the contract declared on, an issue which, if it had been decided in their favor, would have entitled them to a verdict, and yet the court below by its action takes away from them the possibility of obtaining that right; takes away from them the point which they had in their favor because the plaintiff had declared on the wrong contract, and leaves them on the pleadings practically without a defense. Had the plaintiff amended, the defendants could then have pleaded surprise, and had an opportunity to amend their plea and meet the issue presented by the new declaration.

An amendment by the plaintiff has always been held to entitle the defendant to a continuance in order to meet the issue presented by the new declaration. But here the court allowed a virtual amendment without an actual amendment, such as would give the defendants the right to a continuance, in order that they might prepare to meet the new issue presented by the amended declarations.

*Wayne P. Rambo,* with him *John O. Bowman,* for appellee.

OPINION BY MR. JUSTICE BROWN, July 11, 1900:

This suit was brought upon a written contract. In its statement filed, the appellee sets forth that the defendants, on or about July 8, 1896, had entered into an agreement with it, in writing, for the purchase of four stokers, and a copy of the alleged contract was attached to and made part of the statement. In their affidavit of defense, the defendants specifically denied that they had ever executed any such contract as was declared upon and set forth totidem verbis in the statement. With notice so given to it by the defendants in their affidavit of defense, as well as by their plea, the plaintiff pro-

ceeded to try and offered in evidence, under objection, as the basis of its claim, an agreement different in terms from that declared upon. It seems that one Persch had taken to the defendants a specification and proposal, signed by the plaintiff, for the erection of the stokers, to which he had attached certain modifications of the terms. The appellee admits that he was its selling agent, and that it was bound by whatever he did in taking the order. The specification and proposal of the plaintiff, as modified by Persch, were left with the defendants, who handed him their acceptance of the same. In bringing suit, the appellee set forth its contract in writing to have been on a specification and proposal, of which it had retained a copy, but it was notified by the affidavit of defense that the contract or agreement, as set forth by it in the statement, was not the one that the defendants had signed.

Upon the trial, the defendants, in pursuance of notice from the plaintiff, produced the real contract that they had entered into, and the court, under objection, allowed the specification and proposal so produced to be received in evidence, with the modifications, made and attached to them by Persch, separated from them. The specification and proposal annexed to and made part of the statement were materially different from those produced by the defendants and offered in evidence in the first instance by the plaintiff. According to the statement filed, the specification and proposal provided: " We will furnish you a competent engineer to superintend the erection of the stokers and to instruct your fireman in the use of the same, for which you will pay four dollars per day, cost of board, and traveling expenses." The specification and proposal submitted to the defendants provided: " We will furnish you a competent engineer to superintend the erection of the stokers and to instruct your fireman in the use of the same." The difference between these two clauses is manifest. The terms of payment, according to the specification and proposal declared on, were one half cash on presentation of bill of lading and invoice, or when ready for delivery on contract, balance in sixty days from date of shipment. The specification and proposal accepted by the defendants provided that payment was to be made when the guarantees of the plaintiff were carried out in, say, six months. These are material differences between the specification and

proposal as declared upon and proved on the trial, under objection by the defendants. But still more material is the variance between the contract declared upon and the one left with the defendants by Persch and signed by them. It provided that the price " complete " should be only $2,000, instead of $3,500, as set forth in the statement and made part thereof.

Under these material variances, the objection made by the defendants to the admission of the written contract, as produced by them on the trial, in pursuance of notice, and offered in evidence by the plaintiff, should have been sustained, for the latter was seeking to recover, according to its statement, upon one contract, which it alleged it had made with the defendants, while it relied, before the court and jury, upon another. When the plaintiff closed its testimony, the defendants were justified in asking the court to say that, as they had been sued upon a contract which had not been made by them, there could be no recovery, and judgment of nonsuit ought to be entered. This application was denied, and the appellants proceeded with their defense. In making the same, it is true that they did offer in evidence the real contract entered into, but plaintiff cannot take advantage of what they did, when it was simply to prove that they had not contracted as set forth in the pleadings. In other words, their offer of the real contract was simply consistent with their plea and affidavit of defense, that they had never contracted with the plaintiff as set forth in the statement. When all the evidence and the whole of the real contract was before the court, the defendants were again justified in asking that the jury be instructed to render a verdict in their favor. If such directions had been given by the court, the finding of the jury would not be disturbed.

It is true that pleading has, in late years, been greatly simplified, but it has not become so simple that a plaintiff, seeking to recover upon a written contract, which is in existence, can declare upon a different one; and a defendant still has a right to know just what the cause of action is. The Procedure Act of May 25, 1887, P. L. 271, provides that the plaintiff's declaration shall be accompanied by a copy of the contract sued upon. The statement in the case before us contains no such copy. If, as a matter of fact, the defendants ought to pay the sum of money which the jury found they owed the plaintiff, we cannot

sustain their finding, because the trial was not an orderly one. Allegations and proofs must still correspond. The wise and reasonable requirement that a plaintiff must correctly and accurately set forth the material grounds of his complaint has, with us, withstood the reforming hand of the modern pleader, and the defendant yet knows that he need answer only what is charged against him. In apparent disregard of this, the plaintiff in the case before us, when confronted with the real contract entered into with the defendants, was, in the face of objection, promptly made, allowed to proceed, without amendment of its pleadings, to recover upon a different one. We cannot sanction a judgment so recovered. We might properly reverse it, without giving the plaintiff an opportunity to try its case under pleadings corresponding to its proofs, but we will award a new trial, that, under amended pleadings, a just verdict may be rendered. There is nothing else in the record requiring our attention.

Judgment reversed and new trial awarded.