## S. L. MUNSON CO. v. DE VRIES.

FRAUDS, STATUTE OF—EXCEPTIONS—PARTIAL ACCEPTANCE OR PAYMENT—SALES.

Where two orders for goods were taken separately, on different blanks, by plaintiff's salesman, but not signed by defendant or his agent, they were two separate and distinct transactions, although made on the same date, so that acceptance of and payment for the goods in one order did not operate to bring the other within the exception in the statute of frauds (3 Comp. Laws 1915, § 11835, subd. 1); there being no such partial acceptance or payment as contemplated by the statute.

Error to Oceana; Vanderwerp (John), J. Submitted April 18, 1922. (Docket No. 72.) Decided October 2, 1922.

Assumpsit by S. L. Munson Company against Ralph De Vries for goods sold and delivered. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*A. S. Hinds,* for appellant.

*F. E. Wetmore,* for appellee.

STEERE, J. Plaintiff, a corporation with its factory and office at Albany, N. Y., brought this action to recover for a consignment of 12¼ dozen outing robes, or flannelettes, claimed to have been sold to but refused by defendant who ran a dry goods and millinery store in Hart, Michigan. A traveling salesman of plaintiff named Davis, who made that territory and had previously sold goods to defendant, called at his store on March 31, 1920, and took orders for goods amounting to $680.25 from the defendant's wife who was apparently in charge, defendant happening to be away on that day. Two orders were filled out by Davis on order blanks with which he was equipped, introduced in evidence by plaintiff and marked as Exhibits 1 and 10. The goods listed in Exhibit 1 amounting to $312.75 were for April delivery and received early in the season. All were either paid for or returned and credited by plaintiff. Those listed in Exhibit 10, amounting to $367.50, were sent to defendant by express in September and he refused to accept them, writing plaintiff that he had no record of ordering them, expected to sell out his stock of dry goods and had no use for them. Demand for acceptance and payment was made and refused, followed by this action.

Plaintiff's Exhibit 10 is not signed by either party. Omitting a list of the goods, with designating numbers, quantities and prices it is as follows:

"S. L. MUNSON CO., Albany, N. Y.,
                    Dated March 31, 1920.
"Order No. B-42.
"This order is subject to acceptance at the office of S. L. Munson Co. and not subject to cancellation. Address all correspondence to Albany, N. Y.
"Make for Ralph DeVries, Hart, Mich.
"Ship via express.   When, soon as ready.
"Terms 2-10.   60X.   Salesman, Davis.
          "Flannelettes and Aprons."
(Here follows the list of goods, prices, etc.)

Defendant denied any knowledge or notice of this order for flannelettes until notified in September by the express office at Hart of its receipt consigned to him, which he refused to accept and promptly so notified plaintiff. His defense was and is that he never ordered the goods nor authorized his wife to do so, and, if he had, the sale would be void under the statute of frauds, as there never was either delivery, acceptance, or payment, in whole or in part, nor any memorandum in writing of the sale signed by the party sought to be charged or his agent. At conclusion of the testimony the court granted defendant's motion for a directed verdict on the ground that the claimed contract for this consignment of goods was void under the statute of frauds even if Mrs. De Vries had authority as defendant's agent.

Plaintiff's counsel contends her authority was conclusively shown by admissions of defendant that his wife had previously ordered goods from Davis which were accepted and paid for by him, and that the shipment in question was but part of a single purchase of goods made on March 31, 1920, a portion of which had been accepted and payments made thereon, bringing

the contract within the exceptions in the statute of frauds which reads as follows:

"A contract to sell or a sale of any goods or choses in action of the value of one hundred dollars or upwards shall not be enforceable by action, unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf." 3 Comp. Laws 1915, § 11835, subd. 1.

On the question of agency defendant admitted Davis had sold goods to him through his wife, some of which he had kept and paid for, but denied she had any general authority to buy and bind him as his agent, such purchases being conditional under an agreement that if he approved and kept the goods he would pay for them, and if not he could return them. When asked if in their former dealings he had sold defendant goods under such conditions Davis said:

"Any agreement like that was not as broad as it has been brought out, because we don't sell goods with that understanding."

Conceding, which is the most plaintiff can claim, that Mrs. De Vries' agency was a question of fact, the undisputed facts as to this order preclude recovery under the statute of frauds. Though taken on the same date, it was a distinct and second order from Exhibit 1 which was liquidated in full by payment for the portion accepted, and return of a portion which was then accepted by plaintiff. Exhibit 1 was for delivery "April 30th." There was delay in delivery of that order. Davis testified as to those returned, "they were accepted by us because he had a legal right to return them, because they were overdue." Exhibit 10, for the flannelettes, was for delivery

"soon as ready," which Davis said he told Mrs. De Vries would be in September and they could cancel the order any time before July. They were shipped from Albany September 11th, and on September 13th defendant wrote plaintiff he had not ordered or accepted the goods and they were being returned. These two orders were taken separately, on, different blanks which Davis filled out, with a difference in times of delivery and other arrangements as to how they might be treated. The buyer never accepted or received or paid for any part of the September shipment mentioned in Exhibit 10 which was never signed by defendant or his agent in that behalf.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.