# Franklin Sugar Refining Co., Appellant, v. Eiseman et al.

*Contracts—Sales—Separate allotments—Memorandum in writing—Principal and agent—Sales Act of May 19, 1915, P. L. 543 —Statement of claim—Pleading—Practice, C. P.*

1. To recover on a claim founded on a contract it is necessary that all the essentials of the contract should be set forth in the statement of claim.

2. The facts averred must show a right to a judgment, and that the demand is enforceable in law, and not one in which a remedy is denied by reason of the Sales Act of May 19, 1915, P. L. 543.

3. It is the agreement as sued on which must control the determination of the case, and the defense of the statute need not be specially pleaded when the making of a contract is denied.

4. Where there are two or more contracts of sale, and the allotments for delivery are for different quantities to be bought and paid for at different times, the allotments are separate.

5. In such case, part performance makes ineffective the statute of frauds as to the one upon which delivery was made, but not as to the others.

6. In the absence of part performance, every essential element of a contract of sale, within the purview of the sales act, must appear in the writing itself, or in some other paper which is signed and referred to so as in effect to incorporate it therein by the internal references made.

Argued May 10, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 229, Jan. T., 1927, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1920, No. 7489, on verdict for defendants, in case of the Franklin Sugar Refining Co. v. Mendel Eiseman et al., copartners, trading as A. Eiseman & Sons. Affirmed.

Assumpsit on contract. Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendants. Plaintiff appealed.

*Error assigned,* inter alia, was direction of verdict for defendant, quoting record.

*Henry S. Drinker, Jr.,* of *Dickson, Beitler & McCouch,* for appellant.—The agreement in suit is certain and definite in its terms.

If, as defendant alleged, a different price was applicable to the other grades, the price of each was proved in detail by defendant's own testimony.

A defendant cannot claim a variance by reason of proof introduced by him: Carpenter v. Cement Co., 211 Pa. 511; Hastings v. Speer, 34 Pa. Superior Ct. 478; Clark v. Millett, 57 Pa. Superior Ct. 287.

The contract in suit is a single contract as to all five installments, delivery on any of which is a partial delivery as to the others: Jessup & Moore Paper Co. v.

Bryant, 283 Pa. 434; Allen v. Roberts, 85 Pa. Superior
Ct. 279; Coffman v. Hampton, 2 W. & S. 377.

*Joseph J. Brown,* with him *William C. Ferguson, Jr.*
and *Henry P. Brown,* for appellee.—Neither the October
and November-December "confirmations," nor the let-
ters with which they were sent to defendants, nor de-
fendants' letter of acknowledgment, indicate even that
"sugar" is the merchandise referred to, let alone any
particular kind of sugar, whether fine, granulated or
otherwise.

In order that defendants' letter of June 23, 1920,
should constitute such a writing as is required by sec-
tion 4 of the Sales Act, it must clearly and unambigu-
ously recognize the existence of a contract or contracts.

No contract was consummated with respect to the
sugar covered by any of the confirmations.

The alleged contracts asserted by plaintiff are vague,
indefinite and uncertain, and, therefore, unenforceable:
Franklin Sugar R. Co. v. Howell, 274 Pa. 190.

Defendants' failure to furnish assortments did not ex-
cuse plaintiff's failure to tender deliveries at the times
specified in the respective "confirmations": Franklin
Sugar Refining Co. v. Egerton, 288 Fed. 698; Am. Tin
Plate Co. v. Trotter, 105 Fed. 478.

OPINION BY MR. JUSTICE SADLER, June 25, 1927:

Eiseman & Sons, defendants, had purchased sugar at
various times from the Franklin Sugar Refining Com-
pany, plaintiff, through the latter's representative,
Huston & Co. The practice followed was for the agent
of the seller to send notice to the buyer of the fact that
a certain amount had been reserved, deliverable within
a fixed time, accompanied by a request that the receipt
of the allotment be acknowledged. The manner of do-
ing business has been set forth in detail in Franklin
Sugar Refining Co. v. Howell, 274 Pa. 190, where like
dealings were considered, and a reference to that

case will obviate the necessity of repeating the steps followed, forms in use, and the plan and effect of their execution. On five separate dates in June of 1920, the seller's agent notified defendant it had directed to be set aside for it sugar covering "300 barrels or equivalent" to be delivered in each of the months of July, August and September, 250 barrels in October, and 100 barrels in November of the same year.

The receipt of these confirmations, so called, was acknowledged in one letter, dated June 23d. Each contained the statement: "Basis 22.50," and "Price 22.50," but the kind of sugar to which the base applied did not appear on the face of the papers. The confirmation provided that notice of the grade of the goods to be assigned to the purchaser should be given before the first of each month named in the respective allotments, with right of the seller to make substitutions of other classes if necessary. The further stipulation was made that if no notification of the quality desired was given before the date designated, the seller could ship such assortment as it might have available. In pursuance of this arrangement sugar was furnished in July and August, and paid for. A part of that set aside for September was likewise delivered,—there is a dispute as to the number of barrels, which is immaterial, in view of the conclusion now reached as to the liability of the parties,—and the price charged paid. During that month defendant refused to accept further shipments, and the balance of the order, as well as that covered by the confirmations for October and November, was not delivered. This action for damages, to recover for the breach of contract was instituted, after demand, made in the following February, that the remaining allotment be accepted. Binding instructions were given for defendant, and a request for judgment n. o. v. refused. The plaintiff has appealed.

Plaintiff's first statement of claim was based on the proposition that the brokers were agents of both par-

ties, and in signing in that capacity bound seller and buyer by a written contract, thus preventing the application of section 4 of the Sales Act (May 19, 1915, P. L. 543), which requires that a memorandum be signed by the purchaser showing the terms of the understanding, if it is to be legally enforced. This court held that the requirements of the statute had not been met, and therefore no recovery could be had: Franklin Sugar Refining Co. v. Howell, 274 Pa. 190. Thereupon, an amended statement was filed averring the existence of a trade custom explanatory of the meaning of the words used, and also setting forth that a schedule of differentials was in force when the allotments were made, by means of which the price of the various grades of sugar was fixed. After a further holding by this court that the broker, under such contracts, was alone the agent of the seller, and could not bind the buyer by his signature (Franklin Sugar Ref. Co. v. Kane Milling Co., 278 Pa. 105), and a declaration that the acknowledgment of the receipt of the confirmations, as here found, was not sufficient in itself to establish a binding contract to purchase (Franklin Sugar Ref. Co. v. John, 279 Pa. 104), an entirely new claim was presented, and it is upon the statement substituted that the present case was tried.

It averred the sending to the buyer by Huston & Co., now properly called the agent of the seller, of five separate letters on different dates, accompanied by confirmations, and acknowledgment of the receipt of all by one communication, which it was claimed resulted in the incorporation of all into a single agreement of purchase. It was set forth that a total of 650 barrels were delivered between June 14th and September 20th, and accepted at the price of 22.50 cents per pound. The failure of defendants to furnish a list of further assortments is alleged, as well as the readiness of plaintiff to fill orders had it been asked, though no tender was made by it of sugar of any grade. Damages for the loss occa-

sioned by the breach, in refusing to accept after request, were demanded.

Except as reference is made to the documents, attached as exhibits, there is no direct allegation that there was an agreement of sale, oral or written, and no averment appears that the indefinite terms, employed in the confirmations, were explainable by trade usage, other than as to the weight in pounds intended by the use of the phrase "barrels or equivalent," or that the price of the various grades of sugar,—any one of which might have been designated by the buyer,—was determinable by any fixed differential. The foundation of the claim was a contract, and to recover thereon it was necessary that all of its essentials should appear: Swift & Co. v. Meehan, 283 Pa. 429. The facts averred must show a right to a judgment, and that the demand is enforceable in law, and not one in which a remedy is denied by reason of the Sales Act: Mason-Heflin Coal Co. v. Currie, 270 Pa. 221; Guppy v. Moltrup, 281 Pa. 343. It is the agreement sued on which must control the determination of the case (Wilkinson v. Welde, 196 Pa. 508; Shenango Limestone Co. v. Ry. Co., 262 Pa. 446; Harris v. Blitzstein, 84 Pa. Superior Ct. 498), and the defense of the statute need not be specially pleaded when the making of a contract is denied: American Products Co. v. Refining Co., 275 Pa. 332.

It is first argued by appellant that section 4 of the Sales Act, insofar as it requires a signed memorandum, does not prevent a recovery. In view of the decisions of this court in the previous cases referred to, the position that a sufficient writing to bind the buyer appeared from a consideration of all the documents relating to the transaction was abandoned, but it is insisted that the part performance by delivery of a portion of the sugar and its acceptance, took the case out of the statute, and its provisions can no longer be invoked as a bar. With this proposition we can agree, if there was any enforceable contract at all, insofar as the allotments for,

July, August and September are concerned (Producers Coke Co. v. Hoover, 268 Pa. 104; Jessup & Moore Paper Co. v. Bryant Paper Co., 283 Pa. 434), but not as to the later months. For the first two, deliveries were made and payment of the price in full allowed. As to the third, there was a partial performance, and as to the remainder of the goods allotted for that period, a recovery could be had for the damages resulting from a refusal to accept, if a sufficient agreement to purchase had appeared.

The so-called contracts for the two remaining months stand on a different footing, and the part performance of the September bargain, could have no effect in waiving the statute as to them, for the five purchases did not constitute one entire contract, though each separate allotment was acknowledged in one letter, as they represented five distinct transactions. A contention, contrary to that now asserted, was made in both the original and amended statements of claim, it being then set forth that there were five individual agreements. An examination of each will show a different order, to which serial numbers were given, and that they were sent on different dates to the buyer, enclosed with five letters. The mere fact that an acknowledgment of receipt of all appears in one communication will not affect the fact that they were separate and distinct. The question raised "is ordinarily determined by inquiring whether the contract embraces one or more subject-matters, whether the obligation is due at the same time to the same person, and whether the consideration is entire or apportioned": 6 R. C. L. 858.

Applying this rule, the allotments for different quantities, to be bought and paid for at different times, are separate, though orders are given at the same time: Morgan v. McKee, 77 Pa. 228; Krohn-Fichheimer Co. v. Palmer, 280 Mo. 82, 221 S. W. 353; Munson Co. v. De-Vries, 220 Mich. 55, 189 N. W. 859; Gayton v. Day, 178 Fed. 249. There may be, of course, one entire contract

providing for delivery at different times, or in installments (Jessup Paper Co. v. Paper Co., supra), or the purchase of several items at one time (Tompkins v. Haas, 2 Pa. 74; Allen v. Roberts, 85 Pa. Superior Ct. 279), and the parties be bound accordingly. Even if there be but one contract, if the items included therein are distinct, the contract is severable: Fullmer v. Poust, 155 Pa. 275; Rugg v. Moore, 110 Pa. 236; Wolf v. Welton, 30 Pa. 202; Scott v. Kittanning Coal Co., 89 Pa. 231; Mark v. Stuart-Howland Co., 226 Mass. 35, 115 N. E. 42. Where there are two or more contracts, as here, a part performance makes ineffective the statute of frauds as to the one upon which delivery was made, but not as to the others: Weiser v. Emerson, 185 N. Y. S. 79; Samuel & Sons v. Cutler, 185 N. Y. S. 368; Libman v. Iron Co., 175 Wis. 485, 185 N. W. 551.

The difficulty of plaintiff does not arise in this case from the provisions of section 4 of the Sales Act, but is found in the fact that there was no proper averment or proof of any certain and definite agreement to purchase sugar. As already noticed, the statement of claim does not refer to any contract, oral or written, but relies solely on documents attached, nor does it allege that these constituted a binding undertaking to buy. An examination will show they refer to "basis 22.50," and "bbls. 300 or equivalent. Price 22.50." What is meant by "22.50" is not averred, nor is there reference made to any other writing, which would clarify the defect. The kind of sugar forming the base is not made evident, nor is there reference to any differential, by which the price of any of the other grades of sugar,—there were twenty-seven, made up in various kinds of packages, from which the defendant might choose,—could be determined.

The buyer was not bound to buy refined granulated sugar, to which other classes were seemingly referred when the cost was determined. Even its price of "22.50" is not made clear, whether referring to cents per pound

or dollars per barrel, nor is any trade use, by which a fixed differential could be applied, averred or established. It is true that the statement set forth that the sugar actually delivered was paid for on the basis of 22.50 cents a pound, and one letter, referring, however, only to the October contract, and not that of September, makes use of a like explanatory phrase covering that transaction. There was evidence to show a trade custom that "barrels" was intended to mean 350 pounds, though this was contradicted. The lack of certainty renders the transaction unenforceable as a contract, as held in the Howell Case, supra, where the same question was considered. There was a failure to show the character of the goods sold, or the price to be paid, which itself was variable from the list referred to, where shipments were to be made in less than barrel quantities.

It is, however, urged that the deficiencies in pleading and proof were supplied by defendant's evidence, produced and offered for a different purpose. The differential, as referred to by the witness called, was in force at the time the allotments were made, "with certain exceptions,"—but what those were does not appear. The confirmations did not show the character of the sugar to which the base price referred, so that the differential,—insofar as appearing in the 13th paragraph of the amended statement, and the only portion of that paper offered,—could be applied to the various grades of sugar and different kinds of containers, nor did it sufficiently appear that the differential referred to was in force when the acknowledgment of the confirmation was sent. Nor is aid given by the price list of June 11th, received in evidence for the purpose of showing that all charges were "subject to change by the seller, without notice and at the seller's will." The date of the September allotment, with which we are alone concerned, was prior thereto, and the schedule previously in effect,—though not shown to have been applicable on the date in ques-

tion,—was rejected as evidence on objection from plaintiff's counsel.

The evidence failed to show a certain and definite contract which can form the foundation of a recovery (Franklin Sugar Ref. Co. v. Howell, supra), even if there was a completed understanding: Franklin Sugar Ref. Co. v. John, supra. A careful examination of the record leads to the conclusion that the learned court below properly gave binding instructions for the defendant, since there was no legally enforceable contract.

The judgment is affirmed.