## Chodoff, Appellant, *v.* Michelin Tire Co.

Argued April 22, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART and MAXEY, JJ.

*Joseph S. Kleinbard,* with him *Levinthal & Kraus,* for appellant.

*Edwin Fischer,* for appellee.

PER CURIAM, May 14, 1931:

Plaintiff sued for breach of an oral contract, the court below entered judgment for defendant on the affidavit of defense raising questions of law, and plaintiff appeals.

Plaintiff's original statement of claim was superseded by an amended statement which avers that on or about January 29, 1929, plaintiff entered into an oral agreement with defendant by "its duly authorized representatives, Robert Kohler and Harold B. Lofland," whereby defendant should sell plaintiff, located in Philadelphia, all its second tires and all close-outs, meaning tires made

by other manufacturers purchased by defendant from dealers throughout the country at a price of 30% under standard list price for first tires, as published and distributed by defendant among all its dealers from time to time, plaintiff to be defendant's sole and exclusive agent for distribution and sale of such second tires and close-outs throughout the United States. As an inducement to the making of the oral agreement, "defendant, by its duly authorized agents, orally agreed with plaintiff that the standard list so published and distributed, containing the established prices for first tires, would be adhered to strictly by the defendant; that no tires would be sold to dealers throughout the country under the list prices, so as to enable the plaintiff to sell the seconds and close-outs profitably and substantially below the price of first tires sold by other dealers throughout the country." The statement of claim further avers: That the above agreement was entered into by plaintiff with the understanding that he would establish a series of stores for the distribution of defendant's tires; that plaintiff would purchase tires only from defendant; that plaintiff opened four new stores and discontinued sale of all "merchandise except that purchased from defendant in its [former] store"; that, after receiving "large quantities" of tires as agreed upon from defendant, plaintiff learned defendant was not shipping him all its close-outs and seconds, but was selling to dealers in other cities and in Philadelphia at prices below those charged plaintiff, enabling those dealers to undersell him and causing him to sell at a loss." Plaintiff claims a loss of the whole 30% on the entire amount, $25,000, billed him by defendant, and in addition attaches an itemized claim for expenses—such as rental, salaries, traveling expenses, freight, hauling, advertising, towel supply, etc.—in connection with the five stores above referred to, which he claims as losses by reason of defendant's alleged breach of contract; the total of all losses claimed amounting to $19,557.31.

The court below states, plaintiff "does not set forth a legal cause of action or a legal claim for damages." It is not reasonable to presume that defendant would have contracted to ship its tires from all parts of the United States to Philadelphia for resale, giving to one agent in that city the exclusive right to sell such tires, and agreeing to adjust its prices on all "first" tires, throughout the country, accordingly, and that a contract of such scope was made orally and in general terms. Plaintiff's statement of claim utterly fails to show by what authority the alleged sweeping contract was entered into by the two persons named on behalf of defendant. As said in Paper Mill Supply Co. v. Container Corp. of Am., 301 Pa. 62, 67: "The party who seeks to charge a principal for the contracts made by his agent must prove that agent's authority." Moreover, the contract as averred is vague and indefinite as to its terms and the statement of damages suffered is even more so. We find nothing to show at what prices the tires were sold by plaintiff, or in what manner the loss averred on the sale of tires was arrived at. As to the claim for expenses, alleged to have been incurred, plaintiff himself cites 17 C. J. 798, which states: "In case the expenses are disconnected with the original contract or form no integral part within the contemplation of the parties at the time that the contract was made, there can be no recovery." Plaintiff's averment that the "oral agreement was entered into......with the understanding, of which defendant had knowledge, that plaintiff should open three or four new stores for the distribution of the said tires" stands as an illustration of the indefiniteness of the alleged contract throughout. The court below correctly resolved the questions of law raised in the affidavit of defense in defendant's favor.

The judgment is affirmed.