## Cohen v. Weiner

*Wisler, Pearlstine, Talone & Gerber*, for plaintiff.
*Hankin, Hankin & Shanken*, for defendant.

CORSON, J., March 13, 1950.—Plaintiff brings this action in assumpsit to recover anticipated profits from the resale of certain sewing machines which plaintiff alleges defendant sold to plaintiff but failed to deliver. To the amended complaint defendant filed preliminary objections. These objections may be grouped under three headings, as follows: (1) That the facts alleged do not set forth a contract between plaintiff and defendant; (2) that the allegation sets forth an agreement for the sale of goods in excess of $500 and fails to show compliance with section 4 of The Sales Act of May 19, 1915, P. L. 543, 69 PS §42; (3) that defendant conducted negotiations in a representative capacity and not on behalf of himself.

As to the first objection defendant does not state why he believes the alleged facts fail to set forth a contract. It would appear from defendant's brief, however, that

defendant contends that an enforcible contract has not been made out because of the statute of frauds section of The Sales Act, supra. Except for this the contract appears to have been sufficiently set forth in the pleadings. However, we feel defendant cannot successfully attack the complaint for noncompliance with the statute of frauds by denying the enforcibility of the contract generally. Defendant must show that he relies on section 4 of The Sales Act, supra, in asserting that the complaint does not set forth a valid contract: 4 Standard Pa. Practice 73, sec. 59; Franklin Sugar Refining Company v. Lykens Mercantile Company, 274 Pa. 206 (1922).

We will consider the statute of frauds as the basis for the objection that the complaint does not set forth an actionable contract. Prior to the adoption of the Procedural Rules, a statement of claim could be attacked in limine, if plaintiff had not made out an enforcible contract. That is, if the complaint showed that the alleged contract for the sale of goods was for an amount in excess of $500, then it devolved upon plaintiff to allege facts to show that there had been a compliance with section 4 of The Sales Act, supra. If plaintiff failed so to plead he did not make out an enforcible contract: Franklin Sugar Refining Company v. Eiseman et al., 290 Pa. 486 (1927).

In the Eiseman case the court said:

"The facts averred must show a right to a judgment, and that the demand is enforceable in law, and not one in which a remedy is denied by reason of the Sales Act: Mason-Heflin Coal Co. v. Currie, 270 Pa. 221; Guppy v. Moltrup, 281 Pa. 343."

However, Pa. R. C. P. 1030 indicates that a preliminary objection would not be the correct procedure in raising the defense of failure to set forth a cause of action in contract because of the statute of frauds. Inter alia this rule provides as follows: "The defense

. . . statute of frauds . . . *shall be pleaded* in a responsive pleading under the heading 'New Matter'." (Italics supplied.)

In Joseph et ux. v. Rotunno et ux., 62 D. & C. 251 (1946), defendant's demurrer to complaint was dismissed because of failure to plead in conformity with rule 1030. The defense in the Joseph case was res judicata. Since this is one of the affirmative defenses listed in rule 1030, the court held that such an affirmative defense must be pleaded affirmatively in an answer on the merits under the heading "new matter". See also Alford v. Raschiatore, 61 York 35 (1947). In the Alford case the court held specifically that the statute of frauds must be pleaded in a responsive answer under the heading "new matter". While in the present case plaintiff alleges compliance with the statute of frauds, yet for the purpose of passing upon the preliminary objections it is unnecessary to decide that question.

The second general objection must be dismissed for the reasons already given in passing upon the first general objection. If the statute of frauds must be set forth as an affirmative defense under "new matter", certainly we cannot allow it to be used under preliminary objections.

The third general objection set forth in paragraphs 3 and 9, both inclusive, alleges that defendant was an agent acting in a representative capacity. This, however, is a question of fact and should not be passed upon as a matter of law until the facts have been brought out at the trial of the case.

In A. L. I. Restatement of the Law of Agency §156(a), the following comment appears:

"If the name of the principal is followed by the name of the agent without more, the arrangement of the names or the way in which the promise is made may indicate that the agent is not a party. If this does not appear, the inference is that the agent is a party."

Where there is a doubtful question summary judgment should not be entered: Rhodes v. Terheyden et al., 272 Pa. 397 (1922), 402.

And now, to wit, March 13, 1950, for the reasons given, defendant's preliminary objections are overruled and defendant is allowed 20 days after notice of the filing of this opinion and decree within which to file a responsive answer to the complaint.