## Aetna Insurance Co. v. Ginter

*Lawrence A. Goldberg*, for plaintiff.
*James G. Porter, Jr.*, for defendants.

SUGERMAN, *J.*, September 16, 1974—Plaintiffs filed their complaint against defendants in three counts, alleging, in essence, that defendant Ginter (hereinafter called "defendant") constructed a dwelling house occupied by plaintiffs William T. Clinton and Virginia B. Clinton, and as the result of a defective toilet installed therein by defendant, the dwelling house was damaged. Defendant filed preliminary objections to the complaint in the nature of a demurrer, and for a more specific pleading.

## DEMURRER

Defendant in the first paragraph of his demurrer asserts the statute of limitations as a bar to plaintiffs' cause of action, and alludes in his brief to the Act of March 27, 1913, 1 Sm. L. 76, sec. 1, 12 P.S.

§31.[1] The general statute to which defendant refers provides a defense to actions in trespass and assumpsit by way of a *procedural* rather than a substantive limitation. That such defense can be waived is fundamental: Bellotti v. Spaeder, 433 Pa. 219, 249 A. 2d 343 (1969); Leister v. Miller, 376 Pa. 452, 103 A. 2d 656 (1954).

Pa.R.C.P. 1017(b)(4), under which defendant here proceeds, provides that a demurrer may include the bar of a *non-waivable* statute of limitations. As is manifest from the plain language of the rule, the defense of the statute of limitations may be raised only by preliminary objection when such statute may *not* be waived and the cases so hold: Royal Oil & Gas Corp. v. Tunnelton Mining Co., 444 Pa. 105, 282 A. 2d 384 (1971); Ziemba v. Hagerty, 436 Pa. 179, 259 A. 2d 876 (1969). When, as here, the bar of the statute of limitations may in appropriate circumstances be waived, the defense must be raised as an *affirmative* defense, in accordance with the provisions of Pa.R.C.P. 1030: Ziemba v. Hagerty, supra. Accordingly, defendant's demurrer, as the same is based on the statute of limitations, must be overruled.

The second paragraph of defendant's demurrer avers generally that plaintiffs have failed to plead a cause of action by reason of the failure to show or allege a duty owing plaintiffs by defendant.

As noted, plaintiffs' complaint sets forth their cause against defendant in three counts, the first sounding in trespass and based upon defendant's alleged negligence; the second, in assumpsit, based upon an agreement between plaintiffs and defendant and an alleged breach thereof by de-

---

1. Commonly called the statute of limitations.

fendant; and the third, alleging a cause apparently based upon the doctrine of strict liability.

Defendant's demurrer does not attack a specific count or counts of the complaint, but the court will consider the demurrer as directed at each count.

(a) *First Count—Negligence.* Plaintiffs have, in essence, pleaded in paragraphs one through nine of their complaint that defendant, a general contractor, erected plaintiffs' dwelling house, and following the completion of construction and commencement of plaintiffs' occupancy, a toilet installed by defendant leaked on several occasions, causing damage to the house. Paragraphs 10, 11 and 12 of the complaint, which together with paragraphs one through nine constitute the first count, aver that such damage was caused by defendant in that he "negligently" failed to properly inspect and install the toilet, and failed to correct the "defencts [sic] in aforesaid installation" after notice. Paragraph 12 further avers, "In the alternative, the damages were caused by the negligence of the Defendant while such instrumentality was within their [sic] exclusive control."

In order to constitute negligence, three elements must appear: (1) a duty upon defendant to exercise care toward plaintiff; (2) a breach of that duty; and (3) an injury resulting from such breach: Stevens v. Reading St. Ry. Co., 384 Pa. 390, 121 A. 2d 128 (1956). Inasmuch as the concurrent existence of all three elements is necessary to form the basis of a cause of action for negligence, facts indicating the existence of all three must be pleaded in the complaint: 3 Standard Pa. Pract. §191 (Rev. ed.). A claim in an action of negligence does not lie unless there is a duty imposed by law upon the one against whom such claim is made: Boyce v. U. S. Steel

Corp., 446 Pa. 226, 285 A. 2d 459 (1971); Zayc v. John Hancock Mut. Life Ins. Co., 338 Pa. 426, 13 A. 2d 34 (1940). Neither the allegations contained in the first nine paragraphs of plaintiffs complaint, nor those contained in the first count thereof allege a duty on the part of defendant, nor facts from which a duty may be inferred. While it is true that a duty to exercise care may exist by virtue of a contract (Bloomsburg Mills, Inc. v. Sordoni Construction Co., 401 Pa. 358, 164 A. 2d 201 (1960)), the contract in the case at bar is not pleaded in the first count of the plaintiffs' complaint, and does not appear in the first nine paragraphs thereof. Accordingly, the demurrer to the first count of plaintiffs' complaint must be sustained. Such deficiency can, however, be cured by amendment, and leave to file an amended complaint will hereinafter be granted.

As noted, paragraph 12 of the first count pleads alternatively the doctrine of exclusive control. The elements which must exist to invoke the doctrine are set forth in Restatement 2d, Torts, §328D,[2] and in Izzi v. Phila. Trans. Co., 412 Pa. 559, 195 A. 2d 784 (1963.)[3]

It is at once apparent from a review of the Restatement[4] and the cases that in order to avail themselves of the doctrine of exclusive control, plaintiffs must show a duty owing them by de-

2. Although the restatement refers to the doctrine of res ipsa loquitur, section 328D is equivalent to the doctrine of exclusive control in Pennsylvania: Johnson v. Otis Elevator Co., 225 Pa. Superior Ct. 500, 311 A. 2d 656 (1973).

3. See the excellent treatment of the subject, and the distinctions between the doctrines of res ipsa loquitur and exclusive control in Gilbert v. Korvette's, Inc., 223 Pa. Superior Ct. 359, 299 A. 2d 356 (1972).

4. Restatement 2d, Torts, §328D(1)(c).

fendant. Again, such duty is not here pleaded, and the omission is fatal.

(b) *Second Count—Assumpsit.* The foundation of plaintiffs' claim as set forth in the second count is apparently an express contract and the breach thereof, and, as such, all of the essential elements of such cause of action must appear in the complaint: Franklin Sugar Ref. Co. v. Eiseman, 290 Pa. 486, 139 Atl. 147 (1927); Pa.R.C.P. 1019(a); and see 3 Standard Pa. Pract. §109 (Rev. ed.). The substance, rather than the precise language of the contract may, of course, be averred (Mitchell v. Welch, 17 Pa. 339 (1851)), but if the contract is in writing and only its substance is averred, the written contract must be attached to the complaint and incorporated therein: Drake v. Phila. & Reading R. R. Co., 5 Pa. Co. Ct. 21 (1888). By paragraph 16 in the assumpsit count of the instant complaint, plaintiffs aver that defendant has not complied with the terms of the said agreement, but such terms nowhere appear. At the very least, the substance of the contractual provisions upon which plaintiffs rely, in the absence of the specific provisions thereof, must appear: Chodoff v. Michelin Tire Co., 304 Pa. 196, 155 Atl. 437 (1931). Such failure is in law the omission of an essential element of a cause of action founded on a contract and, again, fatal.

Further, as appears from plaintiffs' brief, the contract forming the basis of the action as stated in the second count of plaintiffs' complaint is in writing. Pa.R.C.P. 1019(h) requires that when such is the case, the pleading state so specifically, and a copy of the contract be attached to the pleading.[5] And if

---

5. It is not necessary to attach the entire contract, but only the sections relied upon (Pa.R.C.P. 1019(h)) "or the material part thereof."

the pleader fails to state whether the contract is written or oral, while he need not do so (Lohbrandt v. Smiley, 37 D. & C. 2d 459 (1965)), in such case, the law presumes the contract to be oral:[6] Harvey Probber, Inc. v. Kauffman, 181 Pa. Superior Ct. 281, 124 A. 2d 699 (1956); Goodbody & Co. v. Levine, 46 D. & C. 2d 494 (1969); Robinson v. Arronson, 3 D. & C. 2d 175 (1955).

In summary, then, neither the specific terms of the agreement itself, nor the substance thereof are alleged in the second count of plaintiffs complaint. As a result, plaintiffs have failed to aver a material fact essential to their cause of action, and the demurrer to the second count of the complaint must be sustained.

(c) *Third Count—Strict Liability.* The third count of plaintiffs' complaint incorporates all of the averments of the first and second counts, and alleges a cause of action based on the theory of "strict liability."

The rule of strict liability set forth in Restatement 2d, Torts, §402A, was incorporated into Pennsylvania jurisprudence in Webb v. Zern, 422 Pa. 424, 220 A. 2d 853 (1966), and is yet the law: Woods v. Pleasant Hills Motor Co., 219 Pa. Superior Ct. 381, 281 A. 2d 649 (1971). The rule provides:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if (a) the seller is engaged in the business of selling such product, and (b) it is expected to and does reach the user or.

---

6. If the contract is oral, the terms thereof must be alleged with specificity and certainty, and such terms should be set forth: North American Co. v. Meekins News Agency, 9 D. & C. 797; Rich v. Kehler, 47 Schuyl. 168 (1951).

consumer without substantial change in the condition in which it is sold."

It seems apparent, therefore, that in order to base a cause of action upon the rule of strict liability, and to comply with Pa.R.C.P. 1019(a), a plaintiff, at the very least, should aver that defendant is engaged in the business of selling the allegedly defective product, and that such product reached the user thereof without substantial change in the condition in which it was sold. Neither averment appears in the third count of plaintiffs complaint, and such count, therefore, fails to state a cause of action based on the theory of strict liability. The demurrer to the third count of plaintiffs complaint must be sustained.

Inasmuch as the court has sustained a demurrer to each of the counts of plaintiffs' complaint, it is unnecessary to rule on defendant's motion for a more specific pleading.

### ORDER

And now, September 16, 1974, defendant Ginter's demurrer to each of the counts of plaintiffs' complaint is sustained; leave is granted plaintiffs to file an amended complaint within 30 days from the date hereof.